UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  22-CR-20680

JEROME BROWN,                Sean F. Cox
                                         United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
REVERSING MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF
RELEASE AND ORDERING DEFENDANT DETAINED PENDING TRIAL**

This criminal matter is before the Court on the Government's appeal of the magistrate judge's Order Setting Conditions of Release. The Court held a hearing on January 19, 2023. For the reasons below, the Court ORDERS that the magistrate judge's Order Setting Conditions of Release is REVERSED and this Court ORDERS Defendant REMANDED to the custody of the United States Marshals to be held pending trial.

**BACKGROUND**

In this action, Defendant Jerome Brown ("Defendant"), along with his Co-Defendant Dwayne Brown, is charged with one count of Distribution of Fentanyl; Death Resulting, in violation of 21 U.S.C. § 841(a)(1). That offense is alleged to have occurred on February 15, 2022. If convicted of this offense, Defendant faces up to life in prison. (*See* Def.'s Acknowledgment of Indictment, ECF No. 18).

The offense is alleged to have occurred while Defendant was out on bond in a federal criminal case in Maryland (20-CR-00261). In that case, Defendant was charged with one count

1

of Conspiracy to Commit Money Laundering. The Pretrial Services Report states that Defendant pleaded guilty to money laundering in that case on January 28, 2022, and that a sentencing date has not been scheduled at this time. The Indictment and plea agreement reflect that it was a fraud-based offense. Defendant faces up to 20 years of imprisonment in that case.

The Pretrial Services Department in Maryland was contacted on January 17, 2023, by this Court's Pretrial Services Department, and it recommends that Defendant be detained and advised that a Pretrial Release Violation Warrant will be requested.

This Court's Pretrial Services Department concluded that Defendant is both a flight risk and a danger to the community. It recommended that Defendant be detained pending trial because he poses a risk of danger for the following reasons: 1) his criminal association; 2) his history involving domestic violence; 3) his criminal history; 4) his criminal activity while under supervision; and 5) the nature of the instant offense.

The Government requested detention, arguing that Defendant is both a flight risk and a danger to the community.

After holding a detention hearing on January 18, 2023, Magistrate Judge David Grand issued an order releasing Defendant on an unsecured bond and imposing various conditions. The Government now appeals that ruling, pursuant to 18 U.S.C. § 3145(a).

The Government's Motion for Stay states that the offense conduct as proffered by the Government includes the following:

- On or about February 15, 2022, Jerome Brown and AV-1 arrived at a hotel room parking lot in a shared vehicle.

- Jerome Brown exited the vehicle and conducted what appeared to be a hand-to-hand exchange with a person in another vehicle that arrived in the parking lot.

2

- Jerome Brown and AV-1 went inside the hotel and Jerome Brown rented a hotel room for AV-1.

- AV-1 is seen on surveillance cameras going into the hotel room.

- No one else going in/out of the hotel room until staff finds AV-1 deceased the next morning in the hotel room.

- Fentanyl was found in the hotel room and AV-1's toxicology showed fentanyl.

- Jerome Brown, in a confession, admitted to receiving drugs in the parking lot and providing them to AV-1.

- Text messages between Jerome Brown and the person who brought the drugs to the parking lot corroborate the drug exchange.

(Govt.'s Br. at 3).

## ANALYSIS

Under 18 U.S.C. § 3145(a)(1), the Government may seek review of a magistrate judge's release order. The Court reviews the appeal *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "A judicial officer's finding of dangerousness must be 'supported by clear and convincing evidence.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(f)(2)(b)).

This is a "presumption case." Section 3142(e)(3)'s presumption in favor of detention imposes only a burden of production on the defendant, and the government retains the burden of persuasion. *Stone,* 608 F.3d at 945. Even when a defendant satisfies his burden of production,

3

however, the presumption favoring detention does not disappear entirely, but remains a favor to be considered among those weighed by the district court. *Id.*

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure the defendant will appear and to assure the safety of the community." *Id*. at 946.

To determine whether no condition or combination of conditions exists that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person the community that would be posed by Defendant's release.

Here, the nature of circumstances of the offense charged in this case weigh strongly in favor of detention. Defendant is charged with one count of Distribution of Fentanyl; Death Resulting, in violation of 21 U.S.C. § 841(a)(1). If convicted of this offense, Defendant faces up to life in prison. This is a very serious and troubling offense.

The weight of the evidence of Defendant's dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). Defendant is charged with distributing a lethal drug that resulted in a death.

Defendant's history and characteristics demonstrate that he is a danger to the community. While he has not yet served any lengthy periods of incarceration, Defendant has a criminal history that involves domestic violence charges, and home invasion. Last year, Defendant pleaded guilty to a fraud-based offense in the Maryland case and faces up to twenty

years of imprisonment in that case. And Defendant is alleged to have committed the instant offense *while he was out on bond in that case.*

## CONCLUSION & ORDER

Weighing these factors, this Court concludes the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community. Accordingly, **IT IS ORDERED** that the magistrate judge's Order Setting Conditions of Release is **REVERSED.** This Court **ORDERS** that Defendant is **REMANDED** to the custody of the United States Marshals to be held pending trial.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: January 19, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2023, by electronic and/or ordinary mail.

s/J. McCoy  
Case Manager

5